## Case No. 12,313.

### SANFORD v. MERRIMACK HAT CO.

[2 Ban. & A. 408; 4 Cliff. 404; 10 O. G. 466; 15 Alb. Law J. 12.] [1]

Circuit Court, D. Massachusetts. Sept. 2, 1876.

PATENTS—PATENTABLE INVENTIONS—COMBINATION —HOW INFRINGED.

1. Patentable inventions defined.

2. The patented invention of complainant's assignor, being construed by the court as consisting of a work-plate, two guides constructed and arranged as described, in combination with a sewing-machine or stitching apparatus, and the defendants' device omitting the guides. Held, that the defendants do not infringe.

3. A patent for an invention consisting entirely in a new combination of old elements or ingredients is not infringed unless by the use of all the elements or ingredients of the new combination.

[Bill in equity [by Glover Sanford against the Merrimack Hat Company], praying for an account and for an injunction for the infringement of letters-patent upon a new and useful improvement in sewing-machines for stitching the sweat-cloths to hats. The chief question was that of infringement.] [2]

[The letters patent No. 53,927 were granted to Sanford & Wheeler April 10, 1866.]

E. Avery, G. M. Hobbs, and C. O. Morse, for complainants.

W. W. Swan and Chauncey Smith, for respondents.

CLIFFORD, Circuit Justice. Patentable inventions pertaining to machines may be divided into four classes; first, entire machines, as a car for a railway, or a sewing-machine; second, separate devices of a machine, as the colter of a plow or the divider of a reaping-machine; third, new devices of a machine in combination with old elements, all embraced in one claim, or with separate claims for what is new, together with a claim for the new combination of all the elements; fourth, devices or elements of a machine in combination, where all the devices or elements are old.

What the assignor of the complainant professes to have invented is a new and useful improvement in sewing-machines, and he states in the specification that the invention is designed for the purpose of stitching the sweats or leather lining into hats; and that the invention consists in the peculiar form of the work-plate, with a guide for the sweat and a guide for the hat, combined with a sewing-machine or stitching apparatus. Beyond doubt, he refers to a particular sewing-ma-

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and by William Henry Clifford, Esq., and here compiled and reprinted by permission. The syllabus and opinion are from 2 Ban. & A. 408, and the statement is from 4 Cliff. 404. 15 Alb. Law J. 12, contains only a partial report.]

[2] [From 4 Cliff. 404.]

chine, which has a needle-bar, needle, presser-foot, looper and feeding mechanism; but it is unnecessary to pursue that description, as the patentee expressly states that the improvement is alike applicable to other sewing-machines, and that he does not intend to confine himself to any particular stitching apparatus, meaning only that the one referred to is preferred. Special reference is made to the work-plate of the new improvement, in which he states that its upper surface is made concave, and that its front is turned down and curved, as seen in Figs. 1, 2, and 3 of the drawings, and he adds that the plate is arranged relatively to the feed, needle and looper the same as the ordinary flat work-plate, without stating whether it is new or old. Passing from that, he proceeds to refer to the guides, commencing with the guide for the sweat, which he says is attached to the presser-foot or other part of the machine, and that it is formed from thin sheet metal of the proper width, and so as to permit the sweat-leather to pass freely down beneath the presser-foot. Next, he refers to the guide for the hat, and remarks that it rests upon the angle of the work-plate, so as to properly guide the hat up on the work, the angle of the hat brim and body resting upon the angle of the work-plate. Certain directions are then given, as follows: That the hat to which the sweat is attached must be placed upon the table so that the angle of the brim and hat shall come beneath the needle, the hat guide bearing thereon with the force of the spring denoted by the red color in the drawings. Nothing is stated in the specification to denote whether the described guides are new or old, nor does the specification contain any suggestion or intimation that either of the guides may be dispensed with in conducting the operation. Instead of that, the directions continue that the sweat-leather is then passed through the sweat-guide beneath the presser-foot, so that the needle will catch upon the edge of the leather while the machine is operated in the usual manner, stitching the leather to the hat; and the patentee suggests that the peculiar form of the table, combined with the feed, causes the hat to be turned gradually round until the leather is neatly stitched entirely round the hat. Tested alone by the description of the improvement, the better opinion is that the same is a mere arrangement of old elements in a new combination, to work out a new and useful result, and such are the views of the respondents; but the complainants insist that the description of the improvement, when taken in connection with the claim, warrants the conclusion that the work-plate and the two guides are new devices, invented by the patentees. Nothing certainly appears in the description to support the theory that it required any invention to make the work-plate or either of the guides; and the court is of the opinion that the mere fact that the patentees claim those several devices, in combination with a stitching apparatus, is not sufficient to support the conclusion that the commissioner of patents ever intended to adjudge that the patentees were the original and first inventors of those several devices. "Our invention," say the patentees, "is designed for the purpose of stitching sweats to hats, and consists in the peculiar form of the work-plate, and a guide for the sweat, and a guide for the hat, combined with a sewing-machine or stitching apparatus;" but there is nothing in the description of the work-plate to show that it required any invention to make it, or that there is anything in the form of the device to entitle the maker of it to the reward due to an original and first inventor of a new and useful improvement. All that is said about it is that its upper surface is made concave, that its front edge is turned down and curved, so that the rim of the hat rests upon the upper surface of the plate, while the crown rests against the side, and the patentees admit that it is arranged relatively to the feed, the needle and looper, the same as the ordinary flat work-plate.

As before explained, guides are required, but it is not even suggested that they are peculiar in form, or that it involved any invention to construct or arrange those devices. Enough is stated to show that the sweat guide is formed from thin sheet metal, so as to permit the leather to pass freely down beneath the presser-foot, and the statement is that it must be of proper width; but the specification gives no definite description of the form of the guide for the hat, except what may be inferred from the function which it is to perform. Stress is laid upon the peculiar form of the table, but it is not necessary to remark upon that device, as it is not claimed that it is new. Viewed in the light of these suggestions the court is of the opinion that the invention consists of the work-plate, the two guides, constructed and arranged as described, in combination with a sewing-machine or stitching apparatus. Construed in that way, it is very clear that the respondents have not infringed the complainant's letters patent, as they do not use the guide for the hat. Where the invention consists entirely in a new combination of old elements or ingredients, the law is well settled that a suit for infringement cannot be maintained unless it appears that the respondent has used all of the elements or ingredients of the new combination. Prouty v. Ruggles, 16 Pet. [41 U. S.] 341; Vance v. Campbell, 1 Black [66 U. S.] 428; Gould v. Rees, 15 Wall. [82 U. S.] 193; Seymour v. Osborne, 11 Wall. [78 U. S.] 555.

Patents may doubtless be granted for a new device, and for the same in combination with old elements, and if both inventions are properly described and claimed, the patent will be valid for both; but it is not necessary to pursue that inquiry in this case, as the court is of the opinion that neither the description of the supposed improvement nor the claim of the patent in question brings the case before the court within that rule. Infringement not

being proved, the bill of complaint must be dismissed.

Decree, that bill of complaint is dismissed.

[For another case involving this patent, see Case No. 12,314.]